ABRAHAM RUDNICK, Doing Business as ARRAS GARAGE, Appellant, *v.* MICHEL HULNICK, Respondent.

Supreme Court, Appellate Term, First Department, January Term — Filed March, 1923.

Judgments — practice — Municipal Court, city of New York — when judgment taken by default should not be vacated.

After numerous adjournments of the trial of a cause in the Municipal Court of the city of New York obtained by defendant although plaintiff was always ready in court with his witnesses, the case was peremptorily set down for trial on a day certain. The defendant obtained a further adjournment until the following day and his request for a further adjournment was refused and an inquest was taken. *Held*, that an order granting defendant's motion to vacate and set aside the judgment and opening his default will be reversed and the judgment in favor of plaintiff reinstated.

APPEAL by plaintiff from an order of the Municipal Court of the city of New York, borough of Manhattan, seventh district, granting defendant's motion to vacate and set aside the judgment and opening his default.

*Kahn & Zorn* (*David Cohen*, of counsel), for appellant.

*Nathaniel Kopf*, for respondent.

*Per Curiam.* After numerous adjournments, extending over a period of four months, all obtained by defendant's attorney because of his client's absence from town on business matters, the plaintiff on all occasions being ready in court with his witnesses, the trial was set down peremptorily for October eighteenth. Again the defendant obtained a further adjournment until the following day. Again, on October nineteenth, he requested an adjournment, which request was refused, and an inquest was taken. It was obvious error to open the default. The plaintiff's claim was for $105.70. If in order to recover such a sum, or any sum, a claimant must suffer the delays and loss of time to which this plaintiff has been subjected it would be unreasonable to expect that courts of law should longer be regarded as temples of justice. It has become altogether too common practice for defendants to endeavor to thwart justice by tiring out and discouraging plaintiffs; and to open a default in a case like this would be to sanction a species of practice that cannot be tolerated.

Order reversed, with ten dollars costs, and judgment reinstated.

Present: Bijur, Mullan and McCook, JJ.

Order reversed.